**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRENDA LEE JANUSZYK,

Plaintiff,

CIVIL ACTION NO. 13-15012

v.

DISTRICT JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_________________________/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

## II. REPORT

### A. Introduction and Procedural History

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on August 31, 2009[1], alleging that she had been

---

[1]Plaintiff filed a prior application for DIB and SSI benefits in May 2006, which resulted in a decision to deny benefits. ALJ Lawrence Blatnick issued a decision on May 26, 2009, finding that Plaintiff had the

disabled and unable to work since May 27, 2009, at age 48, due to severe back pain, fibromyalgia, vertigo, Meniere's syndrome and depression. Benefits were denied initially by the Social Security Administration (SSA). A requested de novo hearing was held on August 28, 2012, before Administrative Law Judge (ALJ) Christopher Ambrose. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work activity. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

---

residual functional capacity (RFC) to perform a restricted range of light, unskilled work (TR 57-67). Plaintiff filed a second application for DIB and SSI benefits on August 31, 2009, that also resulted in a decision to deny disability benefits. In a decision dated August 19, 2010, ALJ B. Lloyd Blair determined that claimant retained the RFC to perform a range of medium work (TR 10-18). ALJ Blair, however, had not considered ALJ Blatnick's RFC pursuant to Social Security Acquiescence Ruling (AR) 98-4(b), AR 98-3(6), and Drummond v. Commissioner of Social Security, 126 F.3d 837 (1997), which provides that an ALJ who is adjudicating a subsequent claim for benefits, made under the same title of the Social Security Act as the earlier claim, for a period not previously considered, must adopt the RFC finding from the final decision in the earlier claim, unless there is new and material evidence warranting a departure. When the Appeals Council denied review, Plaintiff appealed ALJ Blair's decision to the United States District Court for the Eastern District of Michigan. In February 2012, this Court remanded ALJ Blair's decision for a reassessment of Plaintiff's RFC in light of AR 98-4(b), AR 98-3(6) and Drummond (TR 425-26).

Plaintiff was 52 years old at the time of the remanded administrative hearing. She had graduated from high school, and had been employed as an assembler and machine operator during the relevant past (TR 381). These jobs were considered to be unskilled, and demanded light to medium exertion (TR 381). Claimant alleged that she was disabled since May 2009, as a result of severe back pain that prevented her from sitting, standing or walking for extended periods (TR 358, 368). Due to difficulty with sleeping, Plaintiff alleged that she was fatigued throughout the day and needed to take frequent naps (TR 369). Other impairments which prevented claimant from returning to work included migraine headaches, vertigo, depression and paranoia (TR 350-354, 370-372). As a result of these difficulties, Plaintiff testified that she spent the majority of the day lying down (TR 352). While claimant was able to perform some household chores, she needed frequent rest periods due to chronic fatigue (TR 374).

A Vocational Expert, Carrie Anderson, testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[2] (TR 383). If she were capable of light work, however, there were numerous unskilled storage leasing agent, courier clerk and parking lot attendant jobs that she could still perform with minimal vocational adjustment. These positions allowed a sit-stand option at will, and did not require repetitive bending/twisting of the neck or waist. She would not be exposed to dangerous machinery or unprotected heights (TR 382-383).

[2]The witness testified that claimant's alleged need to take frequent breaks throughout the day, where she would be off task for more than one hour, would preclude all work activity (TR 383).

**B. ALJ's Findings**

The Law Judge found that Plaintiff was impaired as a result of arthritic spurring of the cervical and lumbar spine, scoliosis, vertigo, fibromyalgia, depression and Meniere's syndrome, but that these conditions were not severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the claimant's impairments precluded her from performing jobs that did not allow a sit-stand option at will, or that required frequent repetitive bending and twisting of the neck. She could not be exposed to dangerous machinery or unprotected heights. Nevertheless, he found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert (TR 320-329).

**C. Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of

credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retained the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her physical or mental impairments.

**D. Insured Status Requirements for DIB Benefits**

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 2010, and thus she cannot be found disabled unless she can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654

(6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled between May 27, 2009, her alleged onset date, and December 31, 2010, when her insured status expired, in order to be entitled to DIB. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

The proper inquiry on an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff had the burden of proving that she was disabled between August 31, 2009, the SSI application date, and October 17, 2012, the date of the ALJ decision, in order to be entitled to SSI benefits.

**E. Discussion and Analysis**

After review of the record, I suggest that there is substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option, no repetitive bending or twisting of the neck and no exposure to dangerous machinery. Contrary to Plaintiff's assertion, the Law Judge properly complied with the Sixth Circuit ruling in Drummond v. Commissioner, 126 F.3d 837 (6th Cir. 1997). The Drummond court held that "when the Commissioner has made a final decision concerning a claimant's entitlement to

benefits, the Commissioner is bound by his determination absent changed circumstances." Id. at 842. In the instant case, ALJ Ambrose expressly stated that he was bound by the findings of ALJ Blatnick (who had previously determined in May 2009, that Plaintiff remained capable of light work activity) since there were no new and additional evidence or changed circumstances that would have provided a basis for a different finding (TR 321).

As pointed out by Commissioner, Plaintiff acknowledged that most of her medical conditions had remained consistent for several years, and had not worsened during the unadjudicated period (TR 326, 350-355, 363). Plaintiff testified, for instance, that she experienced migraine headaches a few times per month, and had to sit in a dark, quiet room for up to three days (TR 326, 350-352). The ALJ reasonably determined that claimant's admission that she had worked for 15 years with those migraine symptoms undercut her assertion that they had worsened since May 2009. Plaintiff also testified that she has suffered from Meniere's syndrome, vertigo, light handedness and frequent dizzy spells since the early 1990's, but she had continued to work with those ailments during that time (TR 326, 355, 363).

The ALJ also took note of the fact that Plaintiff enjoyed a full range of extremity motion, good muscle strength and normal hand grip. She could get on and off the examination table, and walk on her heels and toes, without difficulty (TR 173-174, 326-327). A review of the medical evidence since May 2009, found no directive from any doctor that claimant needed to lie down with her legs elevated (TR 326, 369-370, 375). As a result,

substantial evidence supports the ALJ's determination that claimant's physical condition had not worsened since the denial of her earlier application for disability benefits.

The medical record submitted with the present application contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to her depression. A consultative psychological evaluation in November 2009, found that claimant's thoughts were logical, organized, simple, and concrete. She could recall five numbers forward, four numbers backward, and three out of three words after a three minute delay (TR 175-179). The psychologist reported that the claimant did not have an apparent mood disorder, and that she was able to understand, retain and follow simple instructions (TR 178). Consequently, the ALJ restricted her to unskilled tasks (TR 325). Unskilled work is defined in the regulations as work which needs little or no judgment to do simple duties, and can be learned on the job in a short period of time. 20 C.F.R. § 404.1568(a) Thus, substantial evidence supports the ALJ's assessment concerning Plaintiff's mental work-related abilities. Given the rather benign and unremarkable nature of claimant's medical treatment since May 2009, the ALJ reasonably concluded that none of this objective evidence warranted departing from the previous RFC of light, unskilled work.

Contrary to Plaintiff's assertion, the issue is not whether the ALJ properly labeled her impairments as severe or non-severe, but whether the Administrative Law Judge adequately included all functional limitations from those impairments into his RFC evaluation. In the

instant case, the claimant has failed to point to any medical opinion, or other evidence demonstrating additional work-related limitations, ignored by the Administrative Law Judge

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments during the relevant period. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments[3], the Vocational Expert

[3]The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her joint pain, vertigo and emotional difficulties. The ALJ reasonably determined that claimant's on-going joint discomfort and recurrent depression limited her to

testified that there were numerous unskilled storage leasing agent, courier clerk and parking lot attendant jobs that she could still perform with minimal vocational adjustment. These positions allowed a sit-stand option at will, and did not require repetitive bending or twisting of the neck or waist. She would not be exposed to dangerous machinery or unprotected heights (TR 382-383). Given the objective clinical findings of the examining physicians of record, I suggest that there is substantial evidence on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with

---

simple, unskilled, routine type jobs providing a sit-stand option at will (TR 325). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

Dated: June 16, 2015